## Levin v. Skelly

*F. D. Hennessy, Jr.* and *John T. Clary*, for plaintiff.
*Reed & Gibbons*, for defendants.

TOAL, J., July 17, 1964.—This is an action of libel instituted by plaintiff against 25 defendants and the allegedly libelous statement has been made a matter of record attached to the complaint and marked exhibit "A". Preliminary objections in the nature of a demurrer to plaintiff's complaint were filed on behalf of all defendants. The statement is headed "Citizens Committee for the Re-election of The Republican Candidates for Media Borough Council." It was published and distributed on behalf of the candidacy for re-election to Borough Council of Gus D. Houtman, Carroll A. Jones and Gleave L. Baker.

Because defendants' preliminary objections are in the nature of a demurrer the pertinent facts in the complaint are admitted as true.

The complaint states that plaintiff is a resident of Media and is engaged in the real estate business under two corporate names: Key Enterprises and Key Realty, Inc. The statement, exhibit "A" mentions plaintiff only as a candidate for public office and does not refer to his business identity or identities. The complaint states that plaintiff is a good, fine, honest and virtuous inhabitant of this Commonwealth and a life long resident of Delaware County. He has been esteemed and reputed a person of good name, credit and reputation by reason of which he has gained the esteem and good will of all his neighbors and of the business community of Delaware County. The political literature attached to the complaint as exhibit "A" shows complete misstatement of fact in that it refers to a tenement house and imputes to plaintiff an illicit motive in seeking his legal remedy; and in that it imputes to plaintiff a selfish motive in speaking up as a citizen; that plaintiff was maliciously defamed by said statement and as a result has suffered financial loss.

Aside from the body of the complaint, the crux of the matter is the statement, exhibit "A". The court, in the first instance, decides whether or not as a matter of law it is defamatory, and if so, whether or not it was under conditional privilege: Restatement, Torts, §619; McAndrew v. Scranton Republican Publishing Co., 364 Pa. 504 (1950); and this is properly decided if raised at the preliminary objection stage: Connor v. Campbell, 48 Del. Co. 146 (1959); Bogash v. Elkins, 405 Pa. 437 (1962).

At its heading Exhibit "A" proclaims its whole purpose: "Citizens Committee for the Re-election of the Republican Candidates For Media Borough Council." It lists the committee on one side and is signed at the

end "Citizens Committee." The context is the political campaign between plaintiff and defendants Houtman, Jones and Baker. The statement refers to literature plaintiff has distributed and suggests examination of him. It recites an attempt he made to build what the statement calls a "tenement-type apartment" in Media, wherein plaintiff lost a zoning appeal. It suggests that he is against zoning. The whole of it centers on his approach to zoning, obviously criticizing him, obviously castigating him and obviously deploring his attitude toward zoning. There is no reference in the whole statement unrelated to zoning. Zoning is the theme. Isolated phrases cannot be taken out of context to form the basis for a cause of action. The language in the statement exhibit "A" says to the reader: Recall what the plaintiff wanted to do, what he did, where he stands on zoning, do you want him in Borough Council. The statement further has reference to the growth, etc. in Media, implying obviously that support of the three Republican candidates would result in Media's betterment.

Was the statement exhibit "A" defamatory in that it tended to blacken plaintiff's reputation and expose him to public hatred, contempt, or ridicule, or injure him in his business, trade or profession?

Plaintiff has the burden of pleading and proving the defamatory character of the communication and he cannot read into it more than is apparent on its face. This was a political campaign statement and while it might cause persons who disagreed with plaintiff's stand on zoning not to vote for him for the political office he sought, it also could cause persons who agreed with plaintiff's attitude in zoning to vote for him even though they might be in the minority.

Further, if it could be said by the stretch of imagination, that the said statement was defamatory, then it was published under a conditional privilege which

legally excuses it, making it nonactionable. A conditional privilege exists when a sufficiently important public interest is affected, and the occasion is not abused: Restatement, Torts, §§593 and 598.

It has long been accepted that matters concerning candidates for public office, office holders, elections and activities of politics and government involve important public interests: Briggs v. Garrett, 111 Pa. 404 (1886); McAndrew v. Scranton Republican Publishing Co., supra; Dempsky v. Double, 386 Pa. 542 (1956); Connor v. Campbell, supra; New York Times Co. v. Sullivan, 376 U. S. 254 (1964).

We are of the opinion that the order of the court issued April 14, 1964, was proper and that the complaint in the present case must be dismissed.